# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT

I, Peter J. Mauro, a Special Agent (SA) with the Federal Bureau of Investigation (FBI), being duly sworn, depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I have been employed as a Special Agent of the FBI since August of 2009 and I am currently assigned to the Cleveland Division, Akron Resident Agency. While employed by the FBI, I have investigated federal criminal violations related to high technology or cybercrime, child exploitation, and child pornography. I have gained experience through training at the FBI Academy in Quantico, Virginia and everyday work relating to conducting these types of investigations. I am an FBI certified Computer Analysis Response Team (CART) Technician, and an FBI Digital Extraction Technician (DExT). Prior to the FBI, I enlisted in the United States Air Force where I attained the rank of Staff Sergeant. I hold an associate's degree in criminal justice, a bachelor's degree in psychology, and a master's degree in criminal justice.

2. I am an "investigative or law enforcement officer" of the United States within the meaning of Section 2510(7) of Title 18, United States Code, and am empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Section 2516 of Title 18, United States Code. Over the course of my employment as an FBI Special Agent I have conducted and participated in multiple criminal investigations that have resulted in arrests for violent criminal offenses. These crimes resulted in subsequent convictions in Federal Courts.

3. I am investigating the activities of the Raymond Charles Lattimer (hereafter referred to as Lattimer). As will be shown below, there is probable cause to believe that Lattimer has received, possessed, and transported child pornography, in violation of 18 U.S.C. § 2252 and

18 U.S.C. § 2252A. I submit this application and affidavit in support of a search warrant authorizing a search of Lattimer's Google Photo and Google Drive accounts associated with **crossbowhunter234@gmail.com**, as further described in Attachments A and B.

4. Your affiant is requesting search authority for all content contained in the referenced accounts from January 1, 2015 to present. This period reflects the span of suspected violations of federal law outlined herein. Your affiant believes a search of this account will divulge evidence that Lattimer has received, possessed and/or transported child pornography. A preservation letter was sent to Google for the account listed in paragraph 3 on or about April 26, 2023.

5. The statements in this Affidavit are based on information provided by witnesses, other law enforcement officers and my investigation of this matter. This includes the service of subpoenas and search warrants, interviews, interrogations, physical surveillance, and reviewing records. Since this affidavit is being submitted for the limited purpose of securing as search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence, fruits, and instrumentalities of a violation of Title 18, United States Code, Sections 2252 and 2252A, are presently located in the account identified in paragraph 3.

## STATUTORY AUTHORITY

6. This investigation concerns alleged violations of Title 18, United States Code, Sections 2252 and 2252A, relating to material involving the sexual exploitation of minors. 18U.S.C. § 2252(a) prohibits a person from knowingly transporting, shipping, receiving, distributing, reproducing for distribution, or possessing any visual depiction of minors engaging

in sexually explicit conduct when such visual depiction was either mailed or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer. 18 U.S.C. § 2252A(a) prohibits a person from knowingly transporting, shipping, receiving, distributing, reproducing for distribution, or possessing any child pornography, as defined in 18 U.S.C. § 2256(8), when such child pornography was either mailed or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer.

## DEFINITIONS

7. The following definitions apply to this affidavit and to Attachment B of this affidavit:

    a. "Child Erotica," as used herein, means materials or items that are sexually arousing to persons having a sexual interest in minors but that are not, in and of themselves, obscene or that do not necessarily depict minors in sexually explicit poses or positions.

    b. "Child Pornography," as used herein, includes the definition in Title 18 U.S.C. § 2256(8) (any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct), as well as any visual depiction, the production of which involves the use of a minor engaged in sexually explicit conduct (see

Title 18 U.S.C. §§ 2252 and 2256(2). c. "Visual depictions" include undeveloped film and videotape, and data stored on computer disk or by electronic means, which is capable of conversion into a visual image. See Title 18 U.S.C. § 2256(5).

c. The term "minor," as defined in 18 U.S.C. § 2256(1), refers to any person under the age of eighteen years.

d. The term "sexually explicit conduct," 18 U.S.C. § 2256(2)(A)(i-v), is defined as actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic areas of any person.

e. The term "computer," as defined in 18 U.S.C. § 1030(e)(1), means an electronic, magnetic, optical, electrochemical, or other high-speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device. Computers are physical units of equipment that perform information processing using a binary system to represent information. Computers include, but are not limited to, desktop and laptop computers, smartphones, tablets, smartwatches, and binary data processing units used in the operation of other products like automobiles.

f. "Internet Service Providers" (ISPs), as used herein, are commercial organizations that are in business to provide individuals and businesses access to the Internet. ISPs provide a range of functions for their customers including access to the Internet, web

hosting, e- mail, remote storage, and co-location of computers and other communications equipment.

g. "Internet Protocol address" (IP address), as used herein, is a code made up of numbers and/or letters separated by dots that identifies a particular computer on the Internet. Every computer requires an IP address to connect to the Internet. IP addresses can be dynamic, meaning that the ISP assigns a different unique number to a computer every time it accesses the Internet. IP addresses might also be static, if an ISP assigns a user's computer a particular IP address which is used each time the computer accesses the Internet. A creation IP address is the address used on the date that an e-mail or other account is created by the user.

## JURISDICTION

8. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711, 18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A). Specifically, the Court of the Northern District of Ohio is "a district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i)

## BACKGROUND OF THE INVESTIGATION

9. In or about October 2022, the FBI Cleveland Division, Akron RA was made aware of CyberTip[1] (CT) 135707275 from Synchronoss Technologies Inc[2] (hereafter referred as

---

[1] A CyberTip, short for CyberTipline report, is a report submitted to the National Center for Missing and Exploited Children (NCMEC). NCMEC gathers leads and tips regarding suspected online crimes against children and forwards them to the appropriate law enforcement agencies.
[2] Synchronoss is a cloud-based storage service for Verizon Wireless subscribers and is headquartered in the State of New Jersey.

"Synchronoss"), concerning one of their users who uploaded Child Sexual Abuse Material (CSAM) by the Ohio Internet Crimes Against Children Task Force (ICAC). In the CT Synchronoss, provided the incident date and time as September 28, 2022, at 21:13:00 UTC, and the subscriber phone number 330-608-5936. Synchronoss also provided one image of CSAM which is described as follows:

- Image titled "6499328bc96b49d4958658c0c10dfc28_1e39ad00db7396f636ef8e324322a1029e2605e3768790063b1aa589704fc4a7.jpg" is a color image which depicts an approximately 6-year-old Caucasian female with blonde hair standing up. The camera is positioned below her body and is pointed up at her. She is wearing pink flower print shorts and a pink flower print top. Her stomach is exposed and her shorts a positioned in such a manner exposing her vulva to the camera.

10. On or about January 11, 2023, a federal search warrant was served on Synchronoss for the cloud account belonging to phone number 330-608-5936. On or about January 13, 2023, an FBI task force officer (TFO) received the production of the contents of that account and began processing and analyzing the information. The TFO conducted a review of that production and observed several new CSAM images not previously seen in this investigation. One of the images is described as:

- Image titled "0728D88C-4590-404D-A7E1-01F06B70358A.jepg" is a color image depicting an approximately six-year-old Caucasian female with red hair wearing only a checkered shirt. Her buttocks is exposed to the camera and she is performing fellatio on an unidentified male's erect penis. The male is wearing pants which are unzipped, and the belt is undone, and he appears to be holding a stuffed animal.

11. On or about April 22, 2023, agents of the FBI, as well as your affiant, executed two federal search warrants. One on the person of Lattimer and the other on his residence. Your affiant and a TFO from the FBI conducted an interview with Lattimer. During that interview, Lattimer admitted to looking at child pornography for eight to ten years. He said there was currently child pornography on his phone. Lattimer stated he obtained the CSAM from three general online locations; Kik[3], Wickr[4], and an identified adult dating website. Lattimer stated the Kik account he uses to receive and view CSAM was "rclatt" and the account was currently logged in on his phone.

12. Lattimer stated he obtained the cellphone containing the CSAM approximately two years before, and identified the phone's service provider as Verizon Wireless, telephone number, make and model. Lattimer provided the passcode to access the phone. He also demonstrated to me where on the phone CSAM was stored and the applications from where it was derived. The phone account described by Lattimer is the same as the account associated with the Synchronoss search warrant described above.

13. Furthermore, Lattimer told your affiant he was communicating with an unidentified female from Australia whom he believed was 13 or 14 years old. Lattimer said this female sent him nude images of herself. When your affiant inquired whether or not he requested the images from this female, he said that it was "mutual". To date, those images have not been located on the Kik account [discussed further below], Synchronoss search return, or during the manual review of his cellular phone [discussed further below].

---

[3] Kik is a social media chat platform headquartered in California that is prolifically used in the receipt, possession and distribution of CSAM
[4] Wickr is a end-to-end encrypted chat application headquartered in New York that is commonly used in the receipt, possession, and distribution of CSAM.

14. Lattimer admitted to your affiant his girlfriend brought her daughter (juvenile #1) over to his house several years ago. Lattimer said that currently juvenile #1 is approximately nine years old. He admitted he has thought about juvenile #1 when masturbating and has thought about touching her but has not acted on those thoughts. Lattimer admitted he took photographs of juvenile #1 with her pants slightly pulled down exposing her buttocks and has used those photographs while masturbating.

15. Lattimer told your affiant that he looks at child pornography every couple of days, most recently, the day before the encounter with the FBI.  Lattimer outlined that he would obtain CSAM from Kik, Wickr and from the identified dating website, then move the CSAM to his phone's media gallery to save for later use. He also admitted to taking his phone containing CSAM with him across state lines and looking at child pornography on his device while he is out of state for work in his hotel room. Lattimer stated that he is specifically aroused by talking to teens about when they first start masturbating. These chat files could have been backed up to Lattimer's google drive account.

16. Lattimer was confronted with a folder of printed color images of small, clothed children age approximately three to six years old photographed in innocuous circumstances. Lattimer stated that the images depicted his grandchildren. Lattimer denied any hands-on offenses with the children but stated that he avoids contact with them because he is worried that he will be tempted by their presence.

17. Lattimer was provided his cellular telephone, which I had a federal search warrant to search. Lattimer volunteered the areas of his phone that contained CSAM, including Kik. Lattimer showed me and a TFO his Kik account, including where it was logged in to the account "rclatt".

18. Lattimer later provided a signed-written statement regarding his conduct to another FBI Agent. In that statement, Lattimer admitted to asking for or receiving nude images or sexual depictions of minors between 100 and 200 times while chatting online. He admitted that the Australian female mentioned above sent him images and photographs depicting her engaged in sex acts. The two communicated for about a year and a half.  To date, less than 100 files of CSAM have been located on devices and in cloud accounts attributed to Lattimer. I believe more CSAM evidence exists in the accounts controlled by Lattimer.

19. Later in that same statement, Lattimer admitted that his girlfriend brought juvenile #1 to his residence. Lattimer again admitted to photographing juvenile #1 with her pants down and viewing those photographs in a sexual manner. Lattimer further stated that he expressed to his girlfriend that he would only have sexual contact with juvenile #1 under the right circumstances in which he knew no one would get hurt and everyone was consenting to the sexual activity.

20. On or about April 25, 2023, I obtained a federal search warrant for Kik account "rclatt". I served it on Kik the same day. Kik responded on the same day and provided account information.

21. Kik indicated that Lattimer had registered his Kik account "rclatt", the account that he admitted to receiving and possessing CSAM from, on August 3, 2021, utilizing google account crossbowhunter234@gmail.com.

22. I conducted a physical review of Lattimer's cell phone which was seized pursuant to a federal search warrant. There were CSAM files observed on the phone which were unique to the Synchronoss search warrant production as well as the Kik production on the same case.

There were also fewer than 50 CSAM files apparent on the device. This fact makes this affiant believe Lattimer has a cache of CSAM stored elsewhere within his control. I also observed the Kik account, "rclatt" logged in to his phone, which was registered with google account crossbowhunter234@gmail.com. In my training and experience, Google photos and Google drive accounts often host child pornography evidence in cases such as this one. Lattimer has already shown that he stores his CSAM media in cloud accounts controlled by him and he possess a Google account which could host CSAM files.

23.     Based on my interview of Lattimer, I know that his CSAM conduct spanned eight to 10 years. Given the time he has possessed his phone, Kik account, and Wickr account (approximately two years), I believe that it is highly likely Lattimer is also storing CSAM in his google account, which he used to register his Kik account, and he appears to have possessed longer than two years.

24.     Based on my training and experience, traders and producers of child pornography often collect the images that they take and receive. This act of saving and/or collecting images of child pornography is consistent with conduct by the subject that I have seen in similar matters worked.

## CONCLUSION

25.     Based on the aforementioned factual information, your Affiant respectfully submits that there is probable cause to believe that Google account crossbowhunter234@gmail.com was used to possess, receive and transport child pornography, in violation of 18 U.S.C. § 2252 and 18 U.S.C. § 2252A.  Affiant respectfully requests permission to search the content of said google account as described in Attachment A, for the items listed in Attachment B, as contraband, fruits of a crime, or things otherwise criminally possessed; or

property which is or has been used as the means of committing the foregoing offenses. Google is requested to produce the entirety of the accounts, even though they likely contain child pornography, in spite of procedural prohibitions not allowing its disclosure.

26. Your Affiant, therefore, respectfully requests that the attached warrant be issued authorizing the search and seizure of the items listed in Attachment B.

27. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.  The government will execute this warrant by serving it on Alphabet Inc.  Because the warrant will be served on Alphabet Inc., who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

_____
SA Peter J. Mauro
FEDERAL BUREAU OF INVESTIGATION

Sworn to via telephone after submission by reliable electronic means [Fed. R. Crim. P. 4.1 and 41(d)(3)] on this 27th day of April, 2023.

_____
Amanda M. Knapp
United States Magistrate Judge